UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MORGAN FULLER,

    Plaintiff

 v.

STATE OF NEVADA,

    Defendant.

Case No. 2:19-cv-00819-APG-BNW

**SCREENING ORDER**

  On January 27, 2020, I issued a screening order dismissing plaintiff Morgan Fuller's civil rights complaint with leave to amend and deferring a decision on Fuller's application to proceed *in forma pauperis*. ECF No. 10. Fuller filed an amended civil rights complaint. ECF No. 12. I now screen the amended civil rights complaint under 28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF AMENDED COMPLAINT

Fuller sues defendants John Doe Director of NDOC, Warden Williams, Lt. Owens, and Officer Araojo for events that took place while Fuller was incarcerated at High Desert State Prison (HDSP). ECF No. 12-1 at 1-3. Fuller alleges three counts and seeks monetary relief. *Id.* at 3-12.[1]

The complaint alleges the following: When Fuller arrived at HDSP, his personal property, including credit cards, social security cards, driver's license, birth certificate, and

---

[1] The amended complaint lists John Doe, inmate number 0000, as having assisted Fuller in preparing the amended complaint. ECF No. 12 at 11.

3

information including his phone numbers and other vital statistics were confiscated. *Id.* at 3. Officer Araojo, mailed out all of Fuller's property. *Id.* at 7. Someone then used Fuller's social security number and other personal information to steal his identity and obtain a social security direct express card without his consent. *Id.* Fuller informed Owens about this and asked to file a police report regarding the alleged identity theft. *Id.* Owens denied his request and told Fuller to file a grievance. *Id.* at 7-8. Fuller responded that he had already filed a grievance and that he had not received any help after filing the grievance. *Id.* at 8. Fuller asked if he could file a police report and Owens ignored his request. *Id.*

Based on these allegations, Fuller alleges that his First, Fifth, Eighth, and Fourteenth Amendment rights have been violated. *Id.* at 5-8. Although Fuller attempts to raise a Fifth Amendment due process claim, his due process claim against state prison officials is grounded in the Fourteenth Amendment rather than the Fifth Amendment. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.") I therefore dismiss Fuller's Fifth Amendment claim with prejudice, as amendment would be futile. Fuller also attempts to state an Eighth Amendment claim based on the deprivation of property, but Fuller's right against deprivation of property is grounded in the Fourteenth Amendment, not the Eighth Amendment. I therefore also dismiss Fuller's Eighth Amendment claim with prejudice, as amendment would be futile.

### A. First Amendment

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections

system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prisoners also "have a First Amendment right to telephone access, subject to reasonable security limitations." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Fuller fails to state a colorable First Amendment claim. His claim appears to be based on Owens ignoring Fuller's request to file a police report. But Fuller alleges only that Owens ignored him. Fuller does not allege that Owens in any way prevented Fuller from contacting the police either via the mail or the phone. As such, the complaint does not allege that Fuller was actually denied the ability to communicate with police officers about the alleged identity theft. Thus, the allegations in the complaint are insufficient to state a colorable First Amendment claim, and I dismiss this claim without prejudice.

**B. Fourteenth Amendment**

Fuller attempts to bring both due process and equal protection claims under the Fourteenth Amendment. None of the allegations in the amended complaint appears to raise an equal protection issue, so I dismiss Fuller's equal protection claim without prejudice.

As I explained in my previous screening order, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out under established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*,

455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Fuller fails to state a colorable due process claim. He alleges that the defendants were in possession of his property when the property was either lost or stolen. If the property was lost, it was a negligent deprivation of property. If the property was stolen, it was an intentional unauthorized deprivation of property. Neither claim is cognizable under the Fourteenth Amendment because Fuller has a meaningful post-deprivation remedy for the loss. *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury). I dismiss this claim with prejudice, as amendment would be futile.

**C. Leave to Amend**

Fuller is granted leave to file a second amended complaint to cure the deficiencies of the amended complaint. If he chooses to do so, he is advised that a second amended complaint supersedes (replaces) the original complaint and any previous amended complaints and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Fuller's second amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Fuller should file the second amended complaint on this court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

If Fuller chooses to file a second amended complaint curing the deficiencies outlined in this order, he must file the second amended complaint within 30 days from the date of entry of this order. If Fuller does not file a second amended complaint, I will dismiss the case with prejudice for failure to state a claim.

## III. CONCLUSION

I therefore order that the amended complaint (ECF No. 12) is the operative complaint in this case. The Clerk of the Court will send Fuller a courtesy copy of the amended complaint.

I further order that Fuller's First Amendment claim is dismissed without prejudice and with leave to amend.

I further order that Fuller's Fifth Amendment claim is dismissed with prejudice as amendment would be futile.

I further order that Fuller's Eighth Amendment claim is dismissed with prejudice as amendment would be futile.

I further order that Fuller's Fourteenth Amendment due process claim is dismissed with prejudice as amendment would be futile.

I further order that Fuller's Fourteenth Amendment equal protection claim is dismissed without prejudice.

I further order that if Fuller chooses to file a second amended complaint curing the deficiencies of his amended complaint, he will file the second amended complaint within 30 days from the entry of this order.

I further order the Clerk of the Court to send to Fuller the approved form for filing a § 1983 complaint and instructions for the same. If Fuller chooses to file a second amended

complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

I further order that if Fuller fails to file a second amended complaint curing the deficiencies outlined in this order within 30 days, this action will be dismissed with prejudice for failure to state a claim.

Dated: March 26, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE