UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MORGAN FULLER,

          Plaintiff

   v.

STATE OF NEVADA,

          Defendant.

Case No. 2:19-cv-00819-APG-BNW

**ORDER**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by plaintiff Morgan Fuller, a state prisoner. On January 27, 2020, I dismissed Fuller's complaint and directed him to file an amended complaint. ECF No. 10 at 6-7. He did so, and on March 26, 2020 I dismissed the amended complaint and directed Fuller to file a second amended complaint within 30 days. ECF No. 15 at 7-8. The 30-day period has now expired, and Fuller has not filed a second amended complaint or otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also favors dismissal because a presumption of injury arises from the unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that the failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order requiring Fuller to file a second amended complaint expressly stated: "I further order that if Fuller fails to file a second amended complaint curing the deficiencies outlined in this order within 30 days, this action will be dismissed with prejudice for failure to state a claim." ECF No. 15 at 8. Thus, Fuller had adequate warning that dismissal would result from his noncompliance.

I therefore order that this action is dismissed with prejudice based on Fuller's failure to file a second amended complaint in compliance with my March 26, 2020 order.

I further order that the motion to proceed *in forma pauperis* (ECF No. 6) is denied as moot.

I further order the Clerk of Court to enter judgment accordingly.

Dated: May 12, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE